**WENNER PETROLEUM CORPORATION, a Michigan Corporation authorized to do business in the State of Colorado, Plaintiff–Appellant,**

v.

**MITSUI & CO. (U.S.A.), INC., a New York Corporation authorized to do business in the State of Colorado, Defendant–Appellee.**

No. 85CA1790.

Colorado Court of Appeals,
Div. II.

Nov. 12, 1987.

Minor & Brown, Dan S. Cross, Denver, for plaintiff-appellant.

Weller, Friedrich, Hickisch, Hazlitt & Ward, Edward J. Godin, Denver, for defendant-appellee.

STERNBERG, Judge.

The plaintiff, Wenner Petroleum Corporation, purchased seamless casing from Western Drilling & Mining Supply, Inc., for insertion into an oil well. Western had purchased the casing from Mitsui & Co. (U.S.A.), Inc., the importer of the casing, and it was shipped directly from Mitsui to Wenner. Wenner sued Western Drilling, Mitsui, and the manufacturer of the casing, alleging that it was defective. Wenner also sued a bank to which its note in payment had been assigned by Western Drilling.

On Mitsui's motion, the court granted it partial summary judgment, resolving all issues against Mitsui, but leaving the claims against the other defendants to be resolved by later proceedings. In doing so, the court determined that the provisions of the agreement between Mitsui and Western, which excluded all implied warranties and limited the recoverable damages, were applicable to Wenner. The effect of that ruling was to limit Wenner's recovery from Mitsui to the amount it had paid for the casing. Following certification of that judgment as final pursuant to C.R.C.P. 54(b), Wenner appealed. We agree with the trial court's ruling on exclusion of warranties, but reverse on other grounds.

By an oral agreement, Wenner purchased from Western Drilling 7,200 feet of casing that had been expressly warranted by Mitsui to Western Drilling to withstand 55 pounds of pressure per square inch. The casing was to be inserted into a Wayne County, Ohio, well, and the bill of lading indicated the casing was shipped directly from Mitsui.

After Wenner inserted the casing into the well hole, cemented it into place, and routine work began, loss of pressure was

discovered. Attempts to remove the defective casing were futile. Wenner then arranged for the casing to be sealed by forcing cement around it. This process was costly and, of necessity, adversely affected the formation of the oil and gas reservoirs resulting in loss of production.

As the basis for its action against Mitsui, Wenner asserts that Mitsui, as well as the manufacturer and Western Drilling, had expressly represented that the casing was API Standard which would withstand 55 pounds per square inch, and further that Mitsui breached this express warranty and various related implied warranties. In its contract with Western Drilling, Mitsui excluded all implied warranties, warranties of merchantability, and warranties of fitness for any particular purpose. Remedy for breach was limited to the specified price of the casing. Incidental and consequential damages were expressly excluded. In the contract between Western Drilling and Wenner, there were no provisions specifically excluding implied warranties nor limiting recoverable damages.

■ Wenner first asserts that any exclusion of implied warranties contained in the contract between Mitsui and Western Drilling should not extend to it in regard to its action against Mitsui. We disagree.

We agree with and adopt § 4–2–318, C.R.S. (Official Comment) which provides that properly executed limitations of warranties or available remedies are equally applicable to any one that would be a beneficiary of a seller's warranty. That comment states: "To the extent that the contract of sale contains provisions under which warranties are excluded or modified, or remedies for breach are limited, such provisions are equally operative against beneficiaries of warranties under this section."

In our view, giving effect to this language of the statutory comment operates to further the right of freedom of contract. If a remote seller and buyer wish to agree to a sale and purchase without including various warranties that may have arisen in earlier sale of the goods, then they should be free to do so. Mitsui, Western Drilling, and Wenner are all sophisticated merchants, and this court will not interfere with their bargained-for sales agreements.

■ Nevertheless, Wenner contends that the limitation of damages clause in the Mitsui–Western Drilling contract should not be enforced against it because that clause failed in its essential purpose and was an unconscionable contract provision. Wenner further asserts that, in any event, summary judgment was improper. We agree with this latter contention.

In contracts for the sale of goods, the parties may limit or alter the damages recoverable by a buyer, but if the limitation fails of its essential purpose, it becomes unenforceable. Specifically, § 4–2–719(1)(a), C.R.S., states that an agreement may limit "the buyer's remedies to return of the goods and repayment of the price or to repair and replacement of non-conforming goods or parts...." However, "[w]here circumstances cause an exclusive or limited remedy to fail of its essential purposes, remedy may be had as provided in the [Uniform Commercial Code.]" Section 4–2–719(2), C.R.S.

Failure of the essential purpose of a remedy is measured by whether the buyer is deprived of the substantial value of his bargain. *See* § 4–2–719, C.R.S. (Official Comment). Generally, the failure of essential purpose exception applies only to those situations in which the buyer is left without a remedy. *Riley v. Ford Motor Co.*, 442 F.2d 670, 8 U.C.C. 1175 (5th Cir.1971); *Wilson Trading Corp. v. David Ferguson, Ltd.*, 23 N.Y.2d 398, 297 N.Y.S.2d 108, 244 N.E.2d 685, 5 U.C.C. 1213 (1968).

Here, the record reveals that this question of failure of essential purpose, as well as the issue of the unconscionability of the limitation, could not properly be disposed of by summary judgment. An affidavit was filed by Wenner in which one of its corporate officers raised factual issues relevant both to the contentions of failure of essential purpose and unconscionability. Additionally, one of Wenner's allegations was that there were express warranties made by the defendants.

Summary judgment is a drastic remedy. The movant must make a convincing showing that genuine issues of fact are not present. *See Ginter v. Palmer & Co.*, 196 Colo. 203, 585 P.2d 583 (1978). No such showing was made here. Indeed, as stated in *Milgard Tempering, Inc. v. Selas Corp.*, 761 F.2d 553 (9th Cir.1985), when dealing with the issues of an allegation of grossly unequal bargaining power, summary judgment is inappropriate. "Only after all of the circumstances surrounding the negotiation and performance of the contract have been determined at trial can the enforceability of the consequential damages limitation be determined...."

There being issues of fact to be determined before the applicability of the doctrines of failure of essential purpose and unconscionability can be ruled on, and additionally there still being before the court an allegation of express warranty, summary judgment was improper.

The judgment is reversed and the cause is remanded for further proceedings.

SMITH and METZGER, JJ., concur.