**Mike A. LEPRINO and Joan C. Leprino, Plaintiffs–Appellees,**

**v.**

**INTERMOUNTAIN BRICK COMPANY, a Colorado corporation, Defendant–Appellant.**

**No. 86CA0709.**

Colorado Court of Appeals, Div. I.

June 16, 1988.

Rehearing Denied July 21, 1988.

Maynard and Miller, Glen B. Maynard, Golden, for plaintiffs-appellees.

Anderson, Campbell and Laugesen, P.C., Phillip S. Lorenzo, Denver, for defendant-appellant.

PLANK, Judge.

Defendant, Intermountain Brick Company, appeals a judgment which awarded plaintiffs direct and consequential damages for breach of warranty. We affirm.

Defendant sold white bricks to plaintiffs' son-in-law, a general contractor, for the construction of plaintiffs' home. The trial court found that plaintiffs' son-in-law acted as plaintiffs' agent. After the bricks were installed they began to stain. A brick cleaning solution recommended by defendant exacerbated the staining. Plaintiffs' son-in-law attempted unsuccessfully to remedy the problem by painting the brick.

Plaintiffs sued for breach of warranty, and defendant sued for the price of the bricks and to foreclose its mechanic's lien on plaintiffs' residence. The suits were consolidated and tried to the court, which awarded plaintiffs damages to cover the cost of tearing down and replacing the brick, plus amounts spent by plaintiffs in attempting to correct the staining problem.

Defendant contends that the trial court erred in finding unconscionable a contract clause which attempted to limit defendant's liability to the "plant value" of the goods sold. We agree with the result reached by the trial court, but on different grounds.

Section 4–2–719, C.R.S., provides that parties by agreement may limit the measure of damages recoverable under Article 2 of the Uniform Commercial Code. Section 4–2–719(3), C.R.S., provides that consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable.

A finding of unconscionability is a question of law. Section 4–2–302(1), C.R.S. In order to support a finding of unconscionability, there must be evidence in the record of some overreaching on the part of one of the parties, such as that which results from an inequality of bargaining power or other circumstances in which there is an absence of meaningful choice on the part of the second party, together with contract terms unreasonably favorable to the first party. Contract terms, particularly in a transaction involving a consumer, will be found unconscionable when they defeat the reasonable expectations of the parties. *Davis v. M.L.G. Corp.*, 712 P.2d 985 (Colo.1986).

Here, the trial court found that the damages limitation clause was unconscionable with respect to the latent defect in the bricks because the installed bricks had to be removed, and the costs of removal and replacement far exceeded the costs of merely purchasing new bricks. This finding is not sufficient to sustain a holding of unconscionability. *See Davis v. M.L.G. Corp.*, *supra*. There was no evidence or finding of inequality of bargaining power or of overreaching on the part of defendant.

However, we conclude that the trial court's decision is sustainable under § 4-2-719(2), C.R.S. That subsection provides that where circumstances cause an exclusive or limited remedy to fail of its essential purpose, the full range of Article 2 remedies becomes available.

Failure of the essential purpose of a remedy is measured by whether the buyer is deprived of the substantial value of his bargain. *Wenner Petroleum Corp. v. Mitsui & Co.* 748 P.2d 356 (Colo.App.1987). One situation in which a limitation of remedy to return of the purchase price has been held to fail of its essential purpose is when goods have latent defects which are not discoverable upon receipt and reasonable inspection. *See Earl M. Jorgensen Co. v. Mark Construction, Inc.*, 56 Hawaii 466, 540 P.2d 978 (1975); *Neville Chemical Co. v. Union Carbide Corp.*, 294 F.Supp. 649 (W.D.Pa.1968), *vacated on other grounds*, 422 F.2d 1205 (3d Cir.), *cert. denied*, 400 U.S. 826, 91 S.Ct. 51, 27 L.Ed.2d 55 (1970). The other situation is when the action or inaction of the seller causes the limited remedy to fail of its essential purpose. *See Jones & McKnight Corp. v. Birdsboro Corp.*, 320 F.Supp. 39 (N.D.Ill.1970); *Adams v. J.I. Case Co.*, 125 Ill.App.2d 388, 261 N.E.2d 1 (1970). Here, we conclude that the limited remedy failed for both reasons.

The trial court found that the staining problem was not apparent until mortar and moisture came in contact with the bricks after installation. Under these circumstances, limiting plaintiffs' damages to the cost of the bricks would deprive plaintiffs of the substantial value of their bargain, and thus, the damages limitation clause here failed of its essential purpose.

When the parties agreed to limit the buyers' remedy to refund of the purchase price, they contemplated a situation in which the defective bricks would be returned to Intermountain prior to installation and the purchase price would be returned to the plaintiffs. In other words, the contract would be rescinded.

Here, the trial court also found that Intermountain had abandoned the plaintiffs after the brick cleaning solvent failed to rectify the discoloration and that the plaintiffs acted reasonably in their efforts to mitigate the damages and in continuing to construct the house with the bricks. Thus, Intermountain had made the limited remedy ineffective because an entire shipment of worthless bricks was installed as a direct consequence of its inaction. We will not permit Intermountain to cause the limited remedy to fail of its essential purpose with the buyers suffering substantial consequential damages and then shield itself from liability for these damages because of the limitation on remedy.

The judgment is affirmed.

PIERCE and TURSI, JJ., concur.