892 F.2d 84
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James B. JOHNSON, Defendant-Appellant
 No. 87-6642.
 United States Court of Appeals, Ninth Circuit.
 Submitted for Argument Oct. 6, 1989.
Decided Dec. 11, 1989.
As Amended March 19, 1990.
 
 Before NELSON, BOOCHEVER and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James B. Johnson appeals from a grant of summary judgment by the district court in favor of appellee, the United States of America, finding Mr. Johnson liable for violation of the Federal False Claims Act, unjust enrichment and payment by mistake of fact. For the reasons that follow, we affirm.[1]
 
 
 3
 We review de novo a grant of summary judgment. Milgard Tempering, Inc. v. Selas Corp. of Am., 761 F.2d 553 (9th Cir.1985).
 
 
 4
 Johnson raises several issues on appeal: (1) The government failed to prove that he possessed the requisite intent to defraud the government; (2) The regulation, 32 C.F.R. § 199.8, under which the court determined Mr. Johnson was liable, is not a validly promulgated regulation; (3) Johnson was denied a fair hearing because the United States failed to advise the court of facts and law pertinent to his case; (4) Johnson's due process rights were violated by failing to recognize that he was "grandfathered" into the CHAMPUS program.
 
 
 5
 1. The government did not fail to prove that Johnson possessed the requisite intent to defraud the government.
 
 
 6
 "The Ninth Circuit has adopted the rule that to recover under the False Claims Act, the government must prove that the defendant had the specific intent of deceit." United States v. Mead, 426 F.2d 118, 122 (9th Cir.1970). Thus in this circuit the government must show that the defendant possessed not merely knowledge that a statement is false but also knowledge that it is being used to defraud. However, knowledge that a claim is false can be strong indication of an intent to defraud. See Id. at 123, n. 3; Fleming v. United States, 336 F.2d 475, 479 (10th Cir.1964) ("where a person files a claim, which he knows is false, for the purpose of obtaining approval or payment of the claim, we think there is a reasonable inference, almost a necessary implication, that he intends to deceive.")
 
 
 7
 There is no dispute over the fact that Johnson did not have a valid Ph.D. degree and that he was not listed in the National Register. He therefore did not meet the CHAMPUS requirements as of 1977.
 
 
 8
 Johnson used the term "Ph.D." on his claim forms to the CHAMPUS program with the knowledge that it was a false designation. It is possible to infer an intent to deceive from this action for several reasons. First of all, it was a blatant and long-running falsehood.[2] Second, since the 1977 regulations made a Ph.D. mandatory for all providers who could not be "grandfathered" in through listing in the National Register, Johnson had to use the "Ph.D." designation in order to get reimbursements through the CHAMPUS program.
 
 
 9
 We find, as a result of these facts, that Johnson used the label "Ph.D." on his claim forms to CHAMPUS knowing that it was false and with the intent to defraud the government.
 
 
 10
 Appellant also claims that although he read at least one notice about the changes in CHAMPUS regulations in 1977, he had no notice that the changes applied to him. The regulations were published in the Code of Federal Regulations in 1977. Once the notice and comment process has been completed, Johnson could not claim that they did not apply to him. "Just as everyone is charged with knowledge of the United States Statutes at Large, Congress has provided that the appearance of rules and regulations in the Federal Register gives notice of their contents." Federal Crop Insurance Corp. v. Merrill, 332 U.S. 380 384-385 (1947) (Wheat Crop Insurance Regulations held binding on a wheat grower who did not have actual knowledge of the regulations). As a matter of law, publication in the Code of Federal Regulations was sufficient to provide Johnson with notice.
 
 
 11
 Nevertheless, if Johnson did not have actual notice that he was not qualified it might constitute evidence that he did not intend to defraud the government. There is evidence, however, that he received notice in addition to publication in the C.F.R. We find that lack of notice is not a defense to the claims of this law suit.
 
 
 12
 2. The regulation, 32 C.F.R. § 199.8, under which the district court determined that Johnson was liable for filing false claims, is a valid, enforceable regulation.
 
 
 13
 Appellant also claims that the regulation promulgated in 1977, altering the requirements for reimbursement from the CHAMPUS program, is invalid. We do not discern any failures in the notice and comment process for the regulations. Appellant claims that the regulations are invalid because they contain a mistake, referring to the National Register as being published by the American Psychological Association when, in fact, the National Register is a separate entity.
 
 
 14
 The exact connection between the National Register and the American Psychological Association is not relevant to this case. In addition, it is not relevant that the National Register is published by a private organization. If the requirements for listing in the National Register provide sufficient screening for CHAMPUS, there is no reason why CHAMPUS or the Department of Defense should be required to oversee a duplicate authorization process.
 
 
 15
 The 1977 regulations requiring psychologists to possess either a Ph.D. degree or be listed in the National Register in order to receive reimbursements from the CHAMPUS program are valid. Since Johnson did not possess a valid Ph.D. degree and was not listed in the National Register, he was not qualified to receive reimbursements under the regulations.
 
 
 16
 3. Johnson was not denied a fair hearing.
 
 
 17
 Appellant claims that he was denied a fair hearing because the government did not disclose to the court: (1) the decision in Barnett v. Weinberger, 818 F.2d 953 (D.C.Cir.1987); and (2) a letter from M.F. Tanner to Mr. Long, dated December 16, 1983.
 
 
 18
 Johnson argues that the government knew about the decision in Barnett 7 months before the summary judgment decision in this case and should have disclosed the decision to the court. However, the Barnett decision is not directly on point with respect to the issues raised in Johnson's case.
 
 
 19
 The letter from Mr. Tanner is not an official authorization for reimbursement but refers to the fact that Johnson was reimbursed by CHAMPUS prior to 1971, a fact not in dispute in this case. We find that the letter is not relevant to this case and that appellant was not denied a fair hearing because the court did not have the letter.
 
 
 20
 4. The district court did not violate Johnson's due process rights by failing to "grandfather" him into the CHAMPUS program.
 
 
 21
 Appellant claims that he had a right to be "grandfathered" into authorization for CHAMPUS reimbursement due to the fact that he had been authorized for reimbursements for over a decade before the change in regulations. Appellant argues that this "grandfather" status should have been conferred automatically and that the failure of the district court to recognize this status violated Mr. Johnson's due process rights.
 
 
 22
 The 1977 regulations did contain a "grandfather" provision, the alternative requirement of listing in the National Register. The purpose of allowing such listing to authorize participation in the CHAMPUS program was precisely to create a "grandfather" process: those practicing psychologists who did not possess Ph.D. degrees could nonetheless participate. Johnson was not listed in the National Register. Furthermore, Johnson was never authorized to be an independent provider under the CHAMPUS program and therefore had no prior status from which to be "grandfathered".[3]
 
 
 23
 The district court did not violate appellant's due process rights by failing to recognize his "grandfather" status in the CHAMPUS program. There was a "grandfather" provision in the 1977 regulations, listing in the National Register. Johnson did not avail himself of that option. He did not have a right to automatic authorization under the 1977 regulations.
 
 
 24
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The briefs submitted by counsel for appellant contained the following inaccuracies: (1) the briefs cited facts which were not in the record and based arguments on those facts; (2) the briefs contain citations to cases which do not support the arguments made by counsel; (3) the briefs do not cite to the record for factual statements; (4) none of the citations to cases in appellant's briefs contain specific citations to the page containing the argument for which the cases are cited; (5) the briefs contain arguments which are made without any citation to law applicable in this circuit. We would like to warn counsel for appellant that in the future such misleading practice may subject him to sanctions
 
 
 [2]
 By appellant's own estimate, he used the "Ph.D." designation for over ten years
 
 
 [3]
 Prior to the 1977 changes, Johnson could only be reimbursed for care that resulted from a physician's referral and that was directly supervised by a licensed psychiatrist