**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 6, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SLAWOMIR GOLABEK,

        Plaintiff-Appellant,

v.

HOME DEPOT U.S.A., INC.,

        Defendant-Appellee.

No. 07-1329
(D.C. No. 06-cv-01660-EWN-MEH)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

    Plaintiff Slawomir Golabek sued defendant Home Depot U.S.A., Inc. in state court for breach of contract. Home Depot removed the case to federal court. On the parties' cross-motions for summary judgment, the district court granted summary judgment to Home Depot. Golabek appeals. We affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

It is undisputed that the parties had an unambiguous agreement for Golabek to purchase and Home Depot to deliver a certain amount of copper wire at a stated price. The agreement contained a term stating: "[t]his becomes an Agreement upon payment and an endorsement by a Home Depot register validation." Aplt. App. at 109. The agreement also contained a term that allowed Home Depot the right to limit the amount of wire to be delivered to Golabek ("limiting clause"), *id.* at 20, and terms that allowed Golabek to cancel the purchase upon written notice to Home Depot at least ten days before delivery, *id.* at 18. Although Home Depot endorsed Golabek's purchase order with a register validation when it took Golabek's payment, Home Depot ultimately refused to deliver the wire at the stated price, credited Golabek the amount of the agreed purchase price he had charged on his credit card, and refunded the remainder of the price he had paid in cash.

After Golabek sued, Home Depot moved for summary judgment contending that it had not breached the contract because the limiting clause allowed it to limit the quantity of merchandise to be sold until delivery, and no sale occurred under Colorado law because it never delivered the wire. Golabek filed his own summary judgment motion, claiming that the limiting clause made the contract illusory or unconscionable and should be severed.

The district court wrote a thorough and explicit order disposing the case in favor of Home Depot. The court reasoned that both parties had the right to cancel

the deal before delivery, and the contract, though advantageous to Home Depot, was not ambiguous, illusory, or unconscionable. *See id.* at 178, 183-84. The court bolstered its view with the conclusion that no "sale" occurred under the Colorado Uniform Commercial Code (UCC), Colo. Rev. Stat. §§ 4-2-106, 4-2-401, because Home Depot never delivered the wire. Aplt. App. at 179.

We review the grant of summary judgment de novo, viewing the evidence in the light most favorable to Golabek, the party that did not prevail. *See Navair, Inc. v. IFR Ams., Inc.*, 519 F.3d 1131, 1137 (10th Cir. 2008). Summary judgment is proper when there is no genuine issue of material fact, and the moving party is entitled to a judgment as a matter of law. *See id.*; Fed. R. Civ. P. 56(c). We also review the district court's interpretation of the parties' unambiguous agreement de novo. *See Grant v. Pharmacia & Upjohn Co.*, 314 F.3d 488, 491 (10th Cir. 2002). We think that the district court's reasoning is sound, and we affirm.

Golabek argues that some of the facts upon which the district court relied were disputed. Home Depot's response to Golabek's summary judgment motion contained an affidavit stating that the reason that Home Depot did not deliver the wire is because the market price increased to more than the price Golabek had agreed to pay, making the deal unprofitable for Home Depot. Golabek objected (and still does) that the affidavit was inadmissible parol evidence, and to the extent that the district court relied upon it the court violated Rule 56 because the

facts were disputed. We reject this argument because there was nothing in the affidavit that was offered to alter or amend the terms of the parties' agreement.

Golabek also makes two arguments asserting that the district court based its interpretation of the contract on an erroneous application of law, so we are not bound to accept its view of the agreement. First, Golabek argues that the district court's application of the Colorado UCC definition of a "sale" was improper. He contends that the agreement was complete and binding without delivery, and Home Depot was therefore bound to comply even though the "sale" might not have been complete until delivery under the Colorado UCC. Second, Golabek argues that the district court's conclusion strains the language of the limiting clause and that the clause could have been applied only until the time Home Depot registered his order. We reject both arguments.

The district court employed the Colorado UCC definition only to "buttress[]" its interpretation of the limiting clause. *See* Aplt. App. at 179. The court stated: "there was no 'sale' of the wire until [Home Depot] delivered the wire in question. It necessarily follows that [Home Depot's] express reservation of its right to limit the quantity of wire it sold to [Golabek] means that under the Limiting Clause, [Home Depot] could limit the quantity of wire it delivered to [Golabek], and could do so until the moment of delivery." *Id.* It is clear that the district court read the agreement as a whole, applied the ordinary meaning to the words of the limiting clause, and concluded that the enforceability of the

agreement was circumscribed by Home Depot's right to determine exactly how much, if any, wire it would deliver. *See Radiology Prof'l Corp. v. Trinidad Area Health Ass'n, Inc.*, 577 P.2d 748, 750 (Colo. 1978). We believe the case turns on that conclusion.

We are unpersuaded by the unpublished district court case upon which Golabek relies, where the court held that it is irrelevant to the formation of a contract through offer and acceptance whether a "sale" took place within the meaning of the UCC. *See K.L. Enters., Inc. v. Home Depot Int'l, Inc.*, No. 4:06-CV-722-A, 2007 WL 1629236, at *5 (N.D. Tex. June 1, 2007). Although Golabek may not have given it any thought when he ordered the wire, the limiting clause is a significant part of the entire agreement. To say the agreement was binding at the time he paid the agreed purchase price, we would either have to ignore the limiting clause altogether, or try to avoid it with Golabek's legal legerdemain. Both of those approaches would be improper. *See Radiology Prof'l Corp.*, 577 P.2d at 750. If the limiting clause were not applied in the way the district court interpreted it, it would have no significance.

Finally, we reject Golabek's argument that the limiting clause should be severed, because we fail to see how the clause defeated Golabek's "reasonable expectations" and can therefore be said to be unconscionable. *See Leprino v. Intermountain Brick Co.*, 759 P.2d 835, 836 (Colo. App. 1988) (citing *Davis v. M.L.G. Corp.*, 712 P.2d 985, 991 (Colo. 1986) (en banc)). Golabek's money and

credit were reimbursed to him, and he claims no damages except the benefit of the original sale price.

      The judgment of the district court is AFFIRMED.

                              Entered for the Court


                              John C. Porfilio
                              Circuit Judge